F I L E D
Clerk
District Court

OCT 31 2025

for the Northern Mariana Islands
By_____
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUANA CABRERA LEON GUERRERO,<br><br>Defendant. | Case No. 1:23-cr-00007<br><br>**DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION** |

Before the Court is Defendant Juana Cabrera Leon Guerrero's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (ECF No. 41). Defendant's Motion is also made pursuant to U.S.S.G. Amendment 821 for Zero-Point Offenders, which is under 18 U.S.C. § 3582(c)(2). (ECF No. 41-1.) The Government filed an Opposition to Defendant's Motion for Sentence Reduction (ECF No. 46), and Defendant filed a "traverse to the government's opposition" (ECF No. 48), which the Court construes as a reply.[1] *See United States v. Qazi*, 975 F.3d 989, 992-93 (9th Cir. 2020) (reiterating that the duty to construe pro se pleadings liberally "applies equally to pro se motions and with special force to filings from pro se inmates"). Having considered the briefs, the record in this case, and the applicable law, the Court issues its decision DENYING the motion.

---

[1] *Cf. also Traverse*, BLACK'S LAW DICTIONARY (12th ed. 2024) (definition 1) ("*Common-law pleading.* A formal denial of a factual allegation made in the opposing party's pleading <Smith filed a traverse to Allen's complaint, asserting that he did not knowingly provide false information>. See DENIAL.").

# I.    BACKGROUND

Defendant, who is currently incarcerated at Federal Correctional Institution, Pekin, and proceeding *pro se*, moves under 18 U.S.C. § 3582(c) and U.S.S.G. Amendment 821, Part B, Subpart 1 to reduce her sentence from sixty months of incarceration to forty-eight months of incarceration. (Mot. for Sentence Reduction 1, ECF No. 41-1.) Defendant sets forth four grounds in support of her motion. First, Defendant represents that, as required by the First Step Act of 2018, as codified at 18 U.S.C. § 3582(c)(1)(A), she has exhausted all administrative procedures to obtain a reduction in sentence through the Bureau of Prisons. (*Id.* (item III(A), noting her June 14, 2025 request to the facility warden and July 18, 2025 decision denying her request); *see also id.* at 3-4 (request to warden and warden's denial).) Second, Defendant contends that she has extraordinary and compelling reasons supporting a reduction in sentence, namely, that on June 15, 2025, her husband suffered a debilitating stroke that has rendered him in need of an around-the-clock caregiver, and that no other family members are able to provide such care. (*Id.* at 2). Third, Defendant contends that pursuant to 18 U.S.C. § 3582(c)(2) and Sentencing Guideline 4C1.1, as modified by Amendment 821 in November 2023, her status as a zero-point offender entitles her to a further two-step reduction to her offense score and resulting sentence range of forty-one to fifty-one months. (*Id.*) And fourth, Defendant contends that the factors set forth under 18 U.S.C. § 3553(a) support her request, especially in view of the non-violent nature of her crime of conviction, the lack of any victims of her crime, and her posing no threat to public safety. (*Id.*)

In opposition, the Government first contends that Defendant is ineligible for a reduction under Sentencing Guideline 4C1.1 as a zero-point offender because Defendant received a sentencing enhancement for her leadership role in the crime of conviction. (Opp'n 1-2, ECF No. 46 (citing U.S.S.G. § 4C1.1(a)(10) and Ct. Am. Presentence Investigation Report 8, ECF No. 32).)

1    The Government next contends that Defendant's self-serving representations to request a reduction

2    in sentence for extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A) are

3    unsupported by any evidence, in conflict with the extensive family and community connections

4    upon which she previously relied at sentencing, and of dubious credibility in view of her "long

5    history of lies, deceit fraud, and corruption[.]"  (*Id.* at 2-4.)  The Government further asserts that

6    should consideration of the 18 U.S.C. § 3553(a) factors be necessary by the Court, "the

7    Government would rely on those same factors" as "thoroughly considered during sentencing[.]"

8    (*Id.* at 4.)

9           In reply, Defendant first emphasizes that her requested reduction is a "minor adjustment"

10   that "is not beyond the scope of what the U.S. Sentencing Commission intended" in amending the

11   Sentencing Guidelines and highlights the Government's failure to address the 18 U.S.C. § 3553(a)

12   factors and the unexpected nature of her husband's stroke and subsequent condition.   (Def.'s

13   Traverse 1-2, 4, ECF No. 48.)  Defendant next contends that her elderly mother and the various

14   community members who spoke on her behalf at sentencing are unavailable to provide around-

15   the-clock care for her husband or to "perform such duties that only a wife really is capable of

16   doing." (*Id.* at 2.)  Defendant further complains that "it is nearly impossible for [her] to obtain her

17   husband's medical records while she is incarcerated" and requests the appointment of an attorney

18   to gather and present materials in support of her request.  (*Id.*)  Defendant concludes by proposing

19   that the remainder of her sentence, once reduced, be satisfied by home confinement or that the

20   Court should instead extend her term of supervised release by a further twelve months and

21   asserting that she is not a danger to the community.  (*Id.* at 3-4 (quoting *United States v. Kibble*,

22   992 F.3d 326, 335 (4th Cir. 2021) (Gregory, C.J., concurring)).)

23   //

24

## II.    LEGAL STANDARD

Section 3582(c) of title 18 of the United States Code provides in relevant part:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>
> > **(1)** in any case—
> >
> > > **(A)** the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
> > >
> > > > **(i)** extraordinary and compelling reasons warrant such a reduction; . . .
> > > >
> > > > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and . . .
> >
> > **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).  In other words, there are two ways in which Defendant may obtain relief. Defendant must show that the 18 U.S.C. § 3553(a) factors support a reduction, identify "extraordinary and compelling reasons warrant[ing] . . . a reduction," and demonstrate "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]"  *Id.* § 3582(c)(1)(A)(i); *see also United States v. Wright*, 46 F.4th 938, 945 (9th

1    Cir. 2022) ("Although a district court must conclude that a defendant satisfies all three predicates

2    before granting a motion for compassionate release, it may deny compassionate release if a

3    defendant fails to satisfy any of these grounds.").  Alternatively, Defendant must show that she

4    was sentenced "based on a sentencing range that has subsequently been lowered," that the 18

5    U.S.C. § 3553(a) factors support a sentence reduction, and that "such a reduction is consistent with

6    applicable policy statements issued by the Sentencing Commission."  *Id.* § 3582(c)(2).

7                                          **III.    DISCUSSION**

8              The Court finds that Defendant has not demonstrated that she is entitled to a sentence

9    reduction under either 18 U.S.C. § 3582(c)(1)(A)(i) or (c)(2).

10   **A.  Defendant is not entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i).**

11             As to relief under 18 U.S.C. § 3582(c)(1)(A)(i), the Sentencing Commission has

12   enumerated a list of "circumstances or a combination thereof" that constitute "[e]xtraordinary and

13   compelling reasons[.]"  U.S.S.G. § 1B1.13(b).  Defendant's raising her husband's condition

14   implicates "[t]he incapacitation of the defendant's spouse . . . when the defendant would be the

15   only available caregiver for the spouse . . . ."  *Id.* § 1B1.13(b)(3)(B).  Defendant, however, has

16   failed to meet her burden to show that her husband is incapacitated *and* that she would be the only

17   available caregiver for him.  First, Defendant has failed to provide any verifiable medical

18   documentation or other competent evidence concerning her husband's condition and his ability, or

19   lack thereof, to carry out activities of daily living.  *See, e.g.*, *United States v. Moore*, No. 21-CR-

20   02565-GPC-1, 2025 WL 2345226, at *4-5 (S.D. Cal. Aug. 13, 2025) (collecting cases requiring

21   incapacitation to be "adequately proven").  And second, Defendant's general representations about

22   the age of her elderly mother and her children being "grown and out of the home, with some living

23   in the States" (ECF No. 41-1, at 2), do not establish that her family members are unavailable to

24

1   care for her husband.  As the Government notes, as part of sentencing, Defendant disclosed that

2   she has eight siblings, three adult children, and their families who reside on Saipan.  (*See* Ct. Am.

3   Presentence Investigation Report ¶¶ 66, 68; *e.g.*, Letters of Supp. for Def. from Fam. & Friends 7,

4   ECF No. 24 (Defendant's youngest daughter representing that she "share[s] the same residence"

5   with Defendant and Defendant's husband).)   Defendant has not put forward any sufficient

6   explanation for why any and all of her family members would be unable to care for her husband.

7   *See, e.g.*, *Moore*, 2025 WL 2345226, at *5 ("If there are family members of others that could be

8   potential caregivers, the defendant must acknowledge why they are inadequate."); *United States v.*

9   *Rice*, No. 12-cr-00818-PJH-1, 2023 WL 6048777, at *3-4 (N.D. Cal. Sept. 14, 2023) (rejecting

10  argument for unavailability of adult sons to care for spouse based on sons' "work[ing] full time"

11  and "hav[ing] families and households of their own").  Therefore, Defendant has not shown that

12  there exist "extraordinary and compelling reasons" warranting a sentence reduction.  As such, the

13  Court need not address the 18 U.S.C. § 3553(a) factors or the Sentencing Commission's policy

14  statements, *Wright*, 46 F.4th at 945,[2] and is constrained to deny relief under 18 U.S.C.

15  § 3582(c)(1)(A)(i).

16

17  _____

18  [2] Defendant's reliance on the Hon. Roger L. Gregory's concurring opinion in *Kibble* is not relevant to the Court's disposition of her request.  In *Kibble*, the U.S. Court of Appeals for the Fourth Circuit addressed an

19  appeal of a district court's denial of a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *Kibble*, 992 F.3d at 328-29.  There, the defendant-appellant took issue with how the district court had

20  evaluated the 18 U.S.C. § 3553(a) factors before denying the motion for compassionate release.  *Id.* at 329, 331-32.  The Fourth Circuit affirmed the denial, finding that the district court did not abuse its discretion in

21  evaluating the 18 U.S.C. § 3553(a) factors.  *Id.* at 332.  The exact sentence of Chief Judge Gregory's concurring opinion Defendant quotes in her traverse comes from a paragraph in which Chief Judge Gregory

22  rejects the "Government's suggestion that a district court may fulfill its duty to reconsider the § 3553(a) factors by merely recounting the considerations that supported the original sentence."  *Id.* at 335 (Gregory, C.J., concurring).

23  Here, Defendant's failure to show the existence of extraordinary and compelling reasons warranting

24  a sentence reduction renders her request for relief under 18 U.S.C. § 3582(c)(1)(A)(i) substantively defective—regardless of the merits of the Government's reliance on the 18 U.S.C. § 3553(a) factors as

**B.  Defendant is not entitled to relief under 18 U.S.C. § 3582(c)(2).**

As to relief under 18 U.S.C. § 3582(c)(2), Defendant does not qualify for any reduction under amended Sentencing Guideline 4C1.1 because Sentencing Guideline 4C1.1 expressly limits eligibility for any downward adjustment to defendants who "did not receive an adjustment under [Sentencing Guideline] 3B1.1 (Aggravating Role)[.]"  U.S.S.G. § 4C1.1(a)(10).  As explained during sentencing and restated in the final court-amended presentence investigation report, Defendant received an upward adjustment under Sentencing Guideline 3B1.1 to reflect her role as "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive[.]"  U.S.S.G § 3B1.1(a).  (*See* Ct. Am. Presentence Investigation Report ¶ 49.)  As such, Defendant's reliance on Amendment 821 is misplaced, and any reduction based on such a misapplication of Sentencing Guideline 4C1.1 plainly would not be "consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range."); *see also* U.S. Sent'g Comm'n, Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28,254, 28,274 (May 3, 2023) (announcing promulgation of Amendment 821 with effective date

---

presented at sentencing.  *Wright*, 46 F.4th at 945.  As evaluation of the 18 U.S.C. § 3553(a) factors is unnecessary, *Kibble* does not bear on the Court's grounds for denying Defendant's request.

Furthermore, as Defendant's request for appointment of counsel addresses the issue of obtaining and presenting her husband's medical records, and not the status and availabilities of her family members to care for her husband (*see* Def.'s Traverse 2), the Court finds that appointment of counsel is not warranted and accordingly denies Defendant's request to appoint counsel.  *See, e.g.*, *United States v. Allen*, No. CR 02-904-4 DSF, 2024 WL 3184263, at *1 (C.D. Cal. June 25, 2024) (denying motion to appoint counsel in 18 U.S.C. § 3582(c) proceeding where defendant is not eligible for sentence reduction); *United States v. Townsend*, 98 F.3d 510, 512-13 (9th Cir. 1996) (explaining that defendant has no constitutional or statutory right to counsel in 18 U.S.C. § 3582(c) proceeding).

of November 1, 2023) ("While determining that a reduction is appropriate for some offenders with zero criminal history points, the Commission also identified circumstances in which zero-point offenders are appropriately excluded from eligibility in light of the seriousness of the instant offense of conviction or the existence of aggravating factors in the instant offense . . . .  The exclusionary criteria identified by the Commission were again informed by extensive data analyses and public comment.").  Therefore, the Court lacks authority to grant relief under 18 U.S.C. § 3582(c)(2).  *United States v. Spears*, 824 F.3d 908, 916 (9th Cir. 2016).

## IV.    CONCLUSION

For the foregoing reasons, the Court concludes that Defendant's arguments for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) are meritless and unsupported by sufficient evidence.  Furthermore, Defendant is ineligible for a reduction in sentence as a zero-point offender because of her leadership role in her offense. Therefore, her arguments made pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 fail.  Accordingly, the Court DENIES Defendant's Motion for Sentence Reduction in its entirety.  The Clerk is directed to mail a copy of this order to Defendant at her Federal Correctional Institution, Pekin, address.

IT IS SO ORDERED this 31st day of October, 2025.

_____
RAMONA V. MANGLONA
Chief Judge

8